UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW SHIRVELL,

    Plaintiff,

v.

DEBORAH GORDON,

    Defendant.

_____/

Case No.  11-14781

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

### ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE [11]

Before the Court is Plaintiff's Motion to Consolidate Action with *Armstrong v. Shirvell* Pursuant to Federal Rule of Civil Procedure 42(a) [11]. Plaintiff filed the Motion to Consolidate [11] on January 17, 2012. Defendant filed a Response [16] on February 2, 2012. Plaintiff filed a Reply [19] on February 13, 2012. Plaintiff's Motion is denied for the reasons stated below.

Federal Rule of Civil Procedure 42(a) governs consolidation of actions. Fed. R. Civ. P. 42(a). It states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*Id.* First, the Court must determine whether there is a common question of law or fact. *See id.* If so, the decision to consolidate or not is within the sound discretion of the district court. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)).

The Court declines to consolidate the two cases. The Court finds that the cases do not involve a common question of law or fact. While the two cases–*Armstrong v. Shirvell* and *Shirvell v. Gordon*–involve some of the same people and surround some of the same general controversy, the cases are different. Armstrong brings many claims against Shirvell stemming from Shirvell's

alleged stalking. As Defendant notes, Armstrong is not even a party to the *Shirvell v. Gordon* action. Shirvell's claims against Gordon have to do with her alleged defamatory statements about Shirvell and an alleged interference with his employment. The Court does not consider the two cases to involve common questions of law or fact that would rise to the level of warranting a consolidation of the cases even though some of the same facts will be included in both cases.

Even if common questions of law or fact were shared by the two actions, the Court would choose not to consolidate. Such a consolidation would prejudice both Armstrong and Gordon, especially considering the fact that Gordon is Armstrong's attorney in his action. To prevent juror confusion, delay, and prejudice, the Court must deny Plaintiff's Motion.

Accordingly,

It is **HEREBY ORDERED** that Plaintiff's Motion to Consolidate [11] is **DENIED**.

**SO ORDERED**.

                                                             s/Arthur J. Tarnow
                                                             ARTHUR J. TARNOW
                                                             SENIOR UNITED STATES DISTRICT JUDGE

Dated: February 16, 2012

---

### CERTIFICATE OF SERVICE

I hereby certify on February 16, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 16, 2012: **None.**

                                                             s/Michael E. Lang
                                                             Deputy Clerk to
                                                             District Judge Arthur J. Tarnow
                                                            (313) 234-5182